**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**William A. STEEL, Defendant–Appellant.**

**No. 09–50335.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 2, 2010.*

Filed Nov. 23, 2010.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Gary P. Burcham, Burcham & Zugman, A.P.C., San Diego, CA, for the defendant-appellant.

Steve Miller, Assistant United States Attorney, Criminal Division, San Diego, CA, for the plaintiff-appellee.

Before: J. CLIFFORD WALLACE and SUSAN P. GRABER, Circuit Judges, and RICHARD MILLS,** Senior District Judge.

## OPINION

GRABER, Circuit Judge:

A jury convicted Defendant William Steel and three co-defendants of several crimes, including conspiracy to interfere with commerce by robbery in violation of the Hobbs Act, 18 U.S.C. § 1951(a) ("Count One"). On appeal, we reversed that conviction and remanded the case for a new trial because, although the evidence was sufficient to convict Steel on Count One, *United States v. Williams*, 547 F.3d 1187, 1195–97 (9th Cir.2008), the jury had improperly received an *Allen* charge,[1] *id.* at 1206–07.

After remand, and before his re-trial began, Defendant moved to dismiss Count One, or for a judgment of acquittal. In that motion, Defendant raised two *new* arguments contending that the evidence presented at his original trial had been insufficient to support a conviction on Count One. Consequently, he asserted, holding a second trial on Count One would violate the Double Jeopardy Clause. The district court denied the motion on the

---

** The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

1. An *Allen* charge "is the generic name for a class of supplemental jury instructions given when jurors are apparently deadlocked." *United States v. Mason,* 658 F.2d 1263, 1265 n. 1 (9th Cir.1981).

merits. Reviewing our jurisdiction de novo, *United States v. Romero–Ochoa*, 554 F.3d 833, 835 (9th Cir.2009), we dismiss Defendant's interlocutory appeal.

■ We have "jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. Under the collateral order doctrine, however, we have authority to review a "narrow class of decisions that do not terminate the litigation, but must, in the interest of achieving a healthy legal system, nonetheless be treated as final." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994) (internal quotation marks and citation omitted). The Supreme Court has cautioned that the collateral order doctrine "must never be allowed to swallow the general rule that a party is entitled to a single appeal, to be deferred until final judgment has been entered." *Mohawk Indus., Inc. v. Carpenter*, —— U.S. ——, 130 S.Ct. 599, 605, 175 L.Ed.2d 458 (2009) (internal quotation marks omitted). That doctrine applies if, but only if, "an order ... '[1] conclusively determine[s] the disputed question, [2] resolve[s] an important issue completely separate from the merits of the action, and [3] [is] effectively unreviewable on appeal from a final judgment.'" *United States v. Higuera–Guerrero (In re Copley Press, Inc.)*, 518 F.3d 1022, 1025 (9th Cir.2008) (bracketed numbers in original) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978)).

■ In some circumstances, we may exercise interlocutory jurisdiction over an appeal from a pretrial order denying a motion to dismiss on double jeopardy grounds. *See Abney v. United States*, 431 U.S. 651, 662–63, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977) (holding that the denial of a motion to dismiss an indictment on double jeopardy grounds satisfied the three factors of the collateral order doctrine). Further, we may review sufficiency-of-the-evidence claims that are a necessary component of a double jeopardy claim. *Richardson v. United States*, 468 U.S. 317, 321–22, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984). But, in order to support interlocutory jurisdiction, a claim of double jeopardy must be at least "colorable." *Id.* at 322, 104 S.Ct. 3081.

■ Here, Defendant correctly contends that his sufficiency-of-the-evidence argument is a necessary component of his double jeopardy claim. Even so, we lack interlocutory jurisdiction because Defendant's double jeopardy claim is not colorable.

We have repeatedly rejected double jeopardy claims where a defendant challenged the district court's refusal to enter a judgment of acquittal prior to retrial. In *United States v. Gutierrez–Zamarano*, 23 F.3d 235, 237 (9th Cir.1994), for example, the district court denied the defendant's post-trial sufficiency-of-the-evidence motion, but granted the defendant's motion for a new trial because of an error in instructing the jury. On appeal, we held that a retrial would not subject the defendant to double jeopardy—regardless of the sufficiency of the evidence—because the defendant's original jeopardy had not yet terminated. *Id.* at 238. Jeopardy had not terminated because there had been no acquittal: The jury had convicted the defendant, and the district court found the evidence supporting the conviction sufficient. *Id.* In so holding, we explained that "[t]he Double Jeopardy Clause 'does not preclude the Government's retrying a defendant whose conviction is set aside because of an error in the proceedings leading to conviction.'" *Id.* (quoting *United States v. Tateo*, 377 U.S. 463, 465, 84 S.Ct. 1587, 12 L.Ed.2d 448 (1964)).

So, too, in this case, Defendant's conviction was set aside because of a procedural error (the *Allen* charge). But, again as in *Gutierrez–Zamarano,* the jury convicted Defendant, and both the district court and we found the evidence supporting the conviction sufficient in response to the arguments then raised.

In *United States v. Sarkisian,* 197 F.3d 966, 983 (9th Cir.1999), similarly, we held that we lacked interlocutory jurisdiction to review the defendant's double jeopardy claim because it was not colorable. As in *Gutierrez–Zamarano,* the district court in *Sarkisian* had granted the defendant's motion for a new trial but had denied the defendant's motion for a judgment of acquittal. *Id.* The defendant asked us to review his sufficiency-of-the-evidence claim and argued that a retrial would violate the Double Jeopardy Clause. *Id.* Relying on *Gutierrez–Zamarano,* we held that we lacked interlocutory jurisdiction because the defendant had not raised a colorable double jeopardy claim, given that his original jeopardy had not yet terminated. *Id.*; *see also United States v. Keating,* 147 F.3d 895, 904 n. 6 (9th Cir.1998) (holding that, because the defendant's original jeopardy had not terminated when the district court granted a new trial, double jeopardy did not attach regardless of the insufficiency of the evidence at the first trial).

In summary, *Gutierrez–Zamarano* and *Sarkisian* require dismissal of this interlocutory appeal. As in those cases, Defendant received a new trial on procedural grounds, while the district court rejected his sufficiency-of-the-evidence claim. In those circumstances, Defendant's original jeopardy has not terminated; consequently, his double jeopardy claim is not colorable.

■ Despite the holdings in *Gutierrez–Zamarano* and *Sarkisian,* Defendant argues that our earlier decision in *United States v. Szado,* 912 F.2d 390 (9th Cir. 1990), should control. In *Szado,* the district court, reviewing a judgment entered by a magistrate judge, had granted the defendant's motion for a new trial on procedural grounds but declined to rule on the defendant's sufficiency-of-the-evidence claim. *Id.* at 390–91. On appeal, the defendant contended that the district court's failure to decide his sufficiency-of-the-evidence claim compromised his double jeopardy rights. We concluded that the defendant's double jeopardy claim was colorable. *Id.* at 391–92 (citing *Richardson,* 468 U.S. at 321–22, 104 S.Ct. 3081).[2] We have limited *Szado* to its unusual facts. *See United States v. Schemenauer,* 394 F.3d 746, 750 (9th Cir.2005) ("The conclusion that the double jeopardy claim in *Szado* was colorable reflects our decisions holding that *appellate* courts should consider sufficiency-of-the-evidence claims on *direct* appeals of *final* judgments . . . ." (emphasis added)). Thus, *Szado* holds only that a double jeopardy claim is colorable when a district court, sitting in an *appellate* capacity and reviewing a final judgment of conviction by

**2.** We question *Szado*'s reliance on *Richardson.* In *Richardson,* the Supreme Court held that the petitioner's double jeopardy claim was colorable where the district court had declared a mistrial due to jury deadlock but had denied the defendant's motion for a judgment of acquittal because of insufficient evidence to convict. 468 U.S. at 322, 104 S.Ct. 3081. Yet, *Richardson* foreclosed interlocutory appellate review of any future claims presenting similar facts, stating in a footnote: "It follows logically from our holding today that claims of double jeopardy such as petitioner's are no longer 'colorable' double jeopardy claims which may be appealed before final judgment." *Id.* at 326 n. 6, 104 S.Ct. 3081. Nonetheless, we need not revisit *Szado* because, as noted in text, the present case is readily distinguishable.

a magistrate judge, entirely fails to rule on a sufficiency-of-the-evidence claim but grants a new trial. *Id.* In this case, however, the district court explicitly denied Defendant's sufficiency-of-the-evidence claim, and it was not acting in an appellate capacity. Therefore, *Szado* does not support Defendant's theory that his double jeopardy claims are colorable.

We also note that, in the present context, *Gutierrez–Zamarano* and *Sarkisian* remain good law in light of the Supreme Court's recent decision in *Mohawk.* That opinion "reflects a healthy respect for the virtues of the final-judgment rule." 130 S.Ct. at 605. Nothing in *Mohawk* expands the opportunity to obtain interlocutory review, and nothing in *Mohawk* dilutes the double jeopardy analysis that underlies *Gutierrez–Zamarano* and *Sarkisian.*

Appeal DISMISSED.